**Filed 9/19/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

AMOS BROWN,

      Petitioner - Appellant,

    v.

BILL R. STORY, Warden of ADX;
KATHLEEN M. HAWK, Director of
BOP,

      Respondents - Appellees.

No. 96-1168

D. Colorado

(D.C. No. 95-B-1652)

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Amos Brown appeals from an order of the district court denying his motion for an order holding Respondents in contempt. Brown contends that Respondents have failed to comply with an October 2, 1995 district court order which sustained Brown's 28 U.S.C. § 2241 petition for a writ of habeas corpus.[1]

It is highly doubtful that this appeal from the denial of a motion is properly before this court. In any event, it is clear from our review of the record that the district court did not abuse its discretion in determining that Respondents had complied with its order. See V.T.A., Inc. v. Airco, Inc., 597 F.2d 220, 226 (10th Cir. 1979) (the denial of a contempt motion is reviewed for abuse of discretion).

AFFIRMED. The mandate shall issue forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge

---

[1]Brown also argues for the first time on appeal that Respondents failed to provide an impartial factfinder for the new hearing ordered by the district court. This court will not consider an issue on appeal where the party did not raise it before the district court. Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992).